Armando **BENGOCHEA**

v.

**NORCROSS, INC.**

**Civ. A. No. 78–3564.**

United States District Court,
E. D. Pennsylvania.

Feb. 1, 1979.

Eugene A. Steger, Jr., Kennett Square, Pa., for plaintiff.

Kenneth A. Sprang, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, District Judge.

Plaintiff filed this complaint on October 25, 1978. He alleges that defendant Norcross, Inc., his former employer, discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1976), *as amended by* Age Discrimination in Employment Act Amendments of 1978, Pub.L. No.95–256, 92 Stat. 189. Plaintiff also asserts a claim under section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (1976), *as amended by* Fair Labor Standards Amendments of 1977, Pub.L.No.95–151, § 10, 91 Stat. 1252. Defendant now moves to dismiss the complaint in its entirety. For the reasons hereafter stated, I conclude that this motion should be granted.

The complaint alleges that plaintiff began working at defendant's New York City plant in March of 1962, and continued to work there for some ten years. Complaint ¶¶ 6–7. In July of 1972, he was transferred to defendant's plant in West Chester, Pennsylvania. *Id.* ¶ 7. At some point, plaintiff assumed the position of "Group Leader." *Id.* ¶ 9. In April of 1977, while employed as a "Group Leader," plaintiff suffered a heart attack that caused him to be absent from work for three months. *Id.* ¶¶ 9–10. Plaintiff returned to work in July of 1977, and again assumed the position of "Group Leader." *Id.* ¶ 10. In September of 1977, plaintiff "went on Short Term Disability in order to undergo a coronary by-pass operation." *Id.* ¶ 11. Early in March of 1978, when plaintiff's physician declared him able to resume work, he was informed "that the position of 'Group Leader' was not available to him and that the only position available was that of a machine operator requiring strenuous physical exertion which was not required of him as a 'Group Leader.'" *Id.*

¶ 12. Although a position as a "Group Leader" was available at that time, defendant refused to place plaintiff in that position "solely because of his age." *Id.* ¶ 13. In addition, plaintiff was "terminated" on March 29, 1978. *Id.* ¶ 8.

■ Defendant argues that plaintiff's age-discrimination claim should be dismissed for, *inter alia,* lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). This motion is grounded in plaintiff's failure to comply with the procedural requirements set out in amended section 7(d) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(d) (1976), *as amended by* Age Discrimination in Employment Act Amendments of 1978, Pub.L.No.95–256, § 4(b), 92 Stat. 190. Section 7(d) plainly states that "[n]o civil action may be commenced by an individual under [the Age Discrimination in Employment Act] until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary [of Labor]." *Id.* This section also requires in most cases that the charge be filed with the Secretary of Labor within 180 days after the allegedly unlawful practice occurred. *Id.* Once the Secretary of Labor receives the charge, he must "promptly notify all persons named in such charge as prospective defendants in the [civil] action and . . . · promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." *Id.*

Plaintiff nowhere alleges that he ever filed a charge with the Secretary of Labor. Defendant, for its part, asserts (in an affidavit executed by its personnel manager) that it received no notice whatsoever of plaintiff's claim until a copy of this complaint was served on it. Weist Affidavit ¶¶ 3, 4. Plaintiff, in his response to the instant motion, admits that he "failed to file a charge with the Secretary of Labor" within the 180-day period specified in section 7(d) of the Act. Plaintiff's Response to Defendant's Motion (Document No. 9) ¶ 1. Once again, he does not suggest that he filed the required charge at any time after the 180-day period had elapsed. Instead, plaintiff advances two arguments in opposition to the present motion.

The first of these arguments requires only a brief comment. Plaintiff contends that the recent decision by the court of appeals, sitting en banc, in *Holliday v. Ketchum, MacLeod & Grove, Inc.,* 584 F.2d 1221 (3d Cir. 1978), abrogated the filing requirement of section 7(d). This position simply dissolves upon a careful reading of *Holliday.* The court of appeals was concerned there only with section 14(b) of the Act, which had been interpreted to require that a private plaintiff utilize any available *state agency* procedures for redressing age discrimination before he could bring a civil action in federal court. *See generally* S.Rep.No.95–493, 95th Cong., 1st Sess. 6–7 (1977), *reprinted in* [1978] U.S.Code Cong. & Admin.News 976, 981–82. The *Holliday* court, after carefully examining the statutory structure, held that "resort to state age discrimination remedies is not a precondition to maintaining a federal suit for age discrimination." 584 F.2d at 1222. The court never discussed the charge-and-conciliation procedure required by section 7(d), and nothing in its opinion suggests that private plaintiffs may bypass that procedure at their option. Plaintiff's reliance on *Holliday* is thus misplaced.

■ Plaintiff also urges that defendant is estopped from raising his failure to file a charge with the Secretary of Labor as a basis for dismissal here. In an affidavit, plaintiff states that he made repeated inquiries concerning his "job status, wages, retirement benefits, disability benefits, life insurance benefits and the like from the beginning of 1978 through October, 1978." Bengochea Affidavit ¶ 2. Plaintiff further states that defendant failed to answer any of his inquiries up until October of 1978, when he filed this complaint. *Id.* ¶ 3. Interestingly, plaintiff fails to explain how defendant's lack of cooperation resulted in the procedural default at issue here, *i. e.,* his failure to file a charge with the Secretary of Labor at any time. This alone undermines plaintiff's estoppel argument. *See generally Wagner v. Sperry Univac,* 458 F.Supp. 505, 513–16 (E.D.Pa.1978). But the

argument would fail in any event, for an entirely different reason: the requirement that a charge be filed before any civil action may be instituted is *jurisdictional,* and thus is not subject to equitable doctrines such as estoppel.

■ True, the other time limitation contained in amended section 7(d)—the requirement that the charge be filed within 180 days of the alleged unlawful practice—is *not* jurisdictional. This is clearly stated in the conference committee report on the Age Discrimination in Employment Act Amendments of 1978: "The conferees agree that . . . equitable modification for failing to file within the [180-day] time period will be available to plaintiffs under this Act." H.R.Conf.Rep.No.95–950, 95th Cong., 2d Sess. 12 (1978) (citations omitted), *reprinted in* [1978] U.S.Code Cong. & Admin.News 1000, 1006. The rationale underlying this approach is unexceptionable: "Circumstances may exist where, notwithstanding plaintiff's failure to comply with the letter of the law, the purposes of the statutory requirement—providing the Secretary of Labor with an opportunity to conciliate while the complaint is fresh and giving early notice to the employer of possible litigation—have been substantially served." *Bonham v. Dresser Indus., Inc.,* 569 F.2d 187, 193 (3d Cir. 1977), *cert. denied,* —— U.S. ——, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).

Different considerations are involved where the plaintiff, rather than simply filing outside the 180-day period, fails to file at all. Congress, by providing that "[n]o civil action may be commenced . . . until 60 days after a charge . . . has been filed with the Secretary," presumably sought to afford the Secretary an opportunity to conciliate *before* the parties assumed the formal adversary posture of litigants. This purpose cannot be "substantially served"—indeed, it cannot be served at all—when an aggrieved employee institutes a civil action before filing any charge with the Secretary. Even if the district court were to hold the action in abeyance while the plaintiff belatedly gave the Secretary an opportunity to conciliate, the Secretary's efforts might well be hampered by the pendency of federal-court litigation. Dismissal of the complaint, on the other hand, would leave the plaintiff free to begin again by filing a charge, would permit the Secretary to then attempt conciliation in an atmosphere arguably more conducive to informal resolution of disputes, and would not by itself preclude a subsequent civil action arising from the same alleged unlawful practice.

■ Thus, after considering both the explicit statutory language and the likely legislative purpose underlying section 7(d), I conclude that a district court lacks subject-matter jurisdiction over a complaint based on the Age Discrimination in Employment Act if the plaintiff failed to file a charge with the Secretary of Labor before instituting the civil action. Accordingly, I cannot accept plaintiff's estoppel argument based on defendant's assertedly improper conduct. When jurisdiction is lacking, a plaintiff may not keep his case alive by seeking to prevent the opposing party from raising the jurisdictional defect. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") I shall therefore dismiss the complaint for lack of subject-matter jurisdiction insofar as it asserts a claim under the Age Discrimination in Employment Act.

■ Defendant also seeks dismissal of plaintiff's claim based on section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (1976), *as amended by* Fair Labor Standards Amendments of 1977, Pub.L.No. 95–151, § 10, 91 Stat. 1252. In essence, defendant argues that the facts alleged in the complaint, which were set out earlier in this memorandum, fail to state a claim upon which relief may be granted, and that dismissal pursuant to Rule 12(b)(6) is therefore appropriate. I agree.

Section 16(b) of the Fair Labor Standards Act imposes civil liability upon an employer who violates any one of three other provisions of the Fair Labor Standards Act.

First, it establishes liability for violations of 29 U.S.C. § 206 (1976), *as amended by* Fair Labor Standards Amendments of 1977, Pub. L.No.95–151, § 2, 91 Stat. 1245, which (1) establishes minimum wages payable for certain types of employment, and (2) prohibits gender-based discrimination in the payment of wages. Second, it establishes liability for violations of 29 U.S.C. § 207 (1976), which establishes maximum hours and rates of overtime compensation for certain types of employment. Finally, section 16(b) also establishes liability for violations of 29 U.S.C. § 215(a)(3) (1976), which prohibits retaliation by any employer against an employee who either instituted, or testified at, any proceeding under the Fair Labor Standards Act or who "served or is about to serve on an industry committee." Thus, in order to state a claim under section 16(b), plaintiff must in effect allege a violation of one of these three provisions.

Plaintiff apparently contends that the request for back pay set out in his prayer for relief suffices to state a claim under section 16(b). His argument is as follows:

> "Plaintiff has stated a claim in paragraph 14 of the complaint for wages unpaid in the sum of $7,186.40 to the date of the complaint. Said claim was based upon the willful failure and refusal to return Plaintiff to his position and contrary to Section 16 of the F.L.S.A.
>
> The pleadings adequately and fully set forth the basis for the F.L.S.A. violation and acts of the defendant."

Plaintiff's Memorandum of Law (Document No. 10) at 3. Although this argument is far from clear, it would appear that plaintiff seeks to use section 16(b) as a supplementary vehicle for redressing defendant's alleged violations of the Age Discrimination in Employment Act. In any event, section 16(b) imposes liability only for violations of the three other provisions just discussed. This complaint does not allege—nor does it even suggest—that defendant violated the Fair Labor Standards Act provisions with respect to minimum wages, equal pay for males and females, maximum hours, or retaliation against employees. It therefore fails to state a claim under section 16(b), and dismissal under Rule 12(b)(6) is therefore proper.

I shall enter an order dismissing the complaint in its entirety.