**Samuel AVAKIAN, Plaintiff,**

v.

**TRINITY MEMORIAL HOSPITAL OF CUDAHY, INC., Defendant.**

**No. 79–C–291.**

United States District Court,
E. D. Wisconsin.

May 28, 1981.

Michael J. Cramer, Law Offices of Steve Enich, Milwaukee, Wis., for plaintiff.

John A. Nelson, Purtell, Purcell, Wilmot & Burroughs, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is an action for violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Plaintiff, Samuel Avakian, who worked for defendant for over nineteen years as a supervisor in the radiology department, alleges that defendant, Trinity Memorial Hospital of Cudahy, Inc., forced him to resign at age fifty in violation of the ADEA.

On October 10, 1980, the Court denied defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendant has now renewed its motion in light of the recent decision by the Seventh Circuit in *Kephart v. Institute of Gas Technology*, 630 F.2d 1217 (7th Cir. 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981).

In addition, defendant argues that plaintiff's claim is barred for failure to file a timely charge with the respective administrative agencies as required under 29 U.S.C. §§ 626(d)(1) and (2) and 633(b) to preserve his federal cause of action. Defendant contends that plaintiff should have filed with the state agency within 180 days or, at most, within 240 days to be entitled to the extension to 300 days for filing with the federal agency. Equitable tolling of the limitations is inappropriate in this case according to defendant, because plaintiff was aware of his claim and sought the advice of counsel and the state antidiscrimination agency well within the prescribed time limits.

Section 626(d) of Title 29 of the United States Code provides:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 14(b) [29 U.S.C. § 633(b)] applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Section 633(b) provides that plaintiffs in states with antidiscrimination in employment statutes and enforcement agencies must file charges with the state agencies before bringing actions under the ADEA.

 With respect to defendant's contention that plaintiff's action is barred by the 180-day limitation, this Court notes that the Supreme Court, on October 20, 1980, reversed and remanded the leading cases interpreting the ADEA as imposing the 180-day filing deadline. —— U.S. ——, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980). On remand, the Sixth Circuit in *Ewald v. The Great Atlantic & Pacific Tea Co., Inc.,* n.1 (6th Cir. Jan. 6, 1981), and the First Circuit in *Ciccone v. Textron, Inc.,* 651 F.2d 1 (6th Cir. 1981), struck down the 180-day limitation in deferral states. *Accord, Davis v. Calgon,* 627 F.2d 637 (3d Cir. 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981), *reh. denied,* —— U.S. ——, 101 S.Ct. 1494, 67 L.Ed.2d 623 (1981); *Bean v. Crocker National Bank,* 600 F.2d 754 (9th Cir. 1979). Therefore, with regard to the failure to file within 180 days, defendant's motion must be denied.

In reversing the circuit courts' holdings on the question of the 180-day filing deadline in the ADEA, the Supreme Court based its decision on cases interpreting Title VII. But the analogy to Title VII does not govern the remaining question of whether plaintiffs suing under the ADEA must at least file with the state agency within 240 days in order to preserve their federal rights. This Court finds that interpretations of Title VII are inapplicable because both the text and the underlying policy of the ADEA differ from Title VII with respect to this requirement.

Plaintiffs suing under Title VII must wait 60 days after filing with the state

agency until filing with the appropriate federal agency. To complete these administrative filing procedures within 300 days as required by the statute, state agencies must be notified within 240 days. Section 706(c) provides: *"No charge* may be filed under subsection (2) by the person aggrieved before the expiration of sixty days after proceedings have been earlier terminated . . . ." (emphasis added). The term "charges" refers to notification of the federal administrative agency.

Unlike Title VII, there is no requirement of sequential notification in the ADEA. Section 633(b) provides only that *"no civil action* may be brought under Section 7 of this Act [29 U.S.C. § 626] before the expiration of sixty days after proceedings have been earlier terminated . . ." (emphasis added). In *Oscar Meyer & Co. v. Evans,* 441 U.S. 740, 756–758, 99 S.Ct. 2066, 2071–2073, 60 L.Ed.2d 209 (1979), the Supreme Court noted the allowance of concurrent filings with state and federal agencies under ADEA, which are not allowed under Title VII. "The premise for this difference is that the delay inherent in sequential jurisdiction is particularly prejudicial to the rights of 'older citizens to whom, by definition, relatively few productive years are left.'" 113 Cong.Rec. 7076 (1967) (Remarks by Senator Javitz) 441 U.S. at 757, 99 S.Ct. at 2072.

Although Avakian waited to file with the agencies until the 294th and 295th days, he has nevertheless met the 300-day deadline and preserved his federal rights. Because plaintiff's cause of action is brought under the ADEA, which permits simultaneous agency notification, defendant's motion to dismiss based on the statute of limitations is denied.

Turning to defendant's renewed motion for summary judgment, this Court earlier held that plaintiff had alleged a *prima facie* case of discrimination under the ADEA and that plaintiff presented a genuine issue of material fact as to defendant's motive and intent in firing plaintiff. Defendant asserted that plaintiff was discharged because the new administrator in the radiology depart-

ment judged plaintiff incompetent to carry out his objectives. Plaintiff presented evidence that this may have been a pretext for age discrimination because plaintiff's performance had been favorably evaluated by his former supervisors and because shortly before requesting his resignation, the new administrator asked plaintiff his age.

In the motion for reconsideration, defendant characterizes the holding of *Kephart* as rejecting the presentation of favorable evaluations as proof to establish a *prima facie* case or rebutting defendant's articulation of legitimate reasons for firing an employee. By contrast, plaintiff characterizes the Court's holding in *Kephart* as only reaffirming the principle that courts are prohibited from second guessing an employer's business judgment in employee hiring and firing. Plaintiff distinguishes his case from *Kephart* as one not asking the Court to scrutinize the business decision of the employer. Rather, plaintiff offers the dramatic change in evaluations by his superiors over a short period of time as evidence of the employer's motivation to terminate based on age bias. This Court recognized this evidence as sufficient to create an issue of material fact defeating defendant's original motion for summary judgment.

This Court's earlier decision is consistent with the Seventh Circuit's holding that unsatisfactory performance as evaluated by the employer is the most appropriate test of qualification leading to discharge. Under *Kephart,* such evidence constitutes a legitimate reason for firing sufficient to shift the burden back to plaintiff to rebut with evidence that it represents a mere pretext for unlawful motivation. However, the Seventh Circuit by its decision in *Kephart,* did not declare all employer evaluations of employees irrelevant to establishing a cause of action under the ADEA. The court held that unsatisfactory evaluations, *if not mere pretext,* were not to be second guessed by the court. 630 F.2d at 1219.

In affirming the district court's granting of summary judgment, the Seventh Circuit held that:

To ignore the shifting nature of qualification from time to time would make the qualification requirement meaningless and would encourage the harassment of small businesses having informal personnel practices, with unfounded suits. 630 F.2d at 1219.

The court noted that qualifications for a job in the eyes of an employer may depend on the nature of the employer's business. "One year an outgoing business-getter type might be best qualified, while in the next, after the business was got, it might be a cloistered scientist or mathematician." 630 F.2d at 1219. The court also observed that Kephart's former employer was small, informally run and that it was without a regularized employee evaluation process, except as measured by comparing the bonuses awarded to others. 630 F.2d at 1219–1220.

■ Conceding that there may be changes in equipment and procedures due to technological advancements, there is as yet no evidence that the necessary skills changed so radically, or that the demand for its radiologic services fluctuates so dramatically, as to silence skepticism regarding the change in defendant's estimate of its employee's qualifications. Where plaintiff received positive evaluation from his superiors over a period of nearly nineteen years and then, apparently without consultation or warning, becomes so unqualified as to warrant dismissal, plaintiff has established a *prima facie* case and raised an issue of material fact with respect to the issue of the intent and motivation behind his discharge.

Of course plaintiff has not yet proved his case. This Court finds only that plaintiff has raised a genuine dispute as to a material fact, the threshold requirement to defeat a summary judgment motion.