Tom HAY, Plaintiff,

v.

WELLS CARGO, INC., Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 533, Jack Herzig, William Calmette, John Rettagliata, Frank Collins, John Jenkins and Albert Leniz, Defendants.

TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS LOCAL UNION NO. 533, Frank Collins, John Jenkins, Albert Leniz and Edward Greeley, Counterclaimants,

v.

Tom HAY, Counterdefendant.

WELLS CARGO, INC., Jack Gerzig, William Calmette & John Rettagliata, Counterclaimants,

v.

Tom HAY, Counterdefendant.

No. CV–R–82–410–ECR.

United States District Court,
D. Nevada.

Sept. 11, 1984.

Patrick James Martin, Reno, Nev., for plaintiff.

Clark J. Guild, Jr., Reno, Nev., for Wells Cargo, Inc. and Jack Herzig, William Calmette and John Rettagliata.

Paul H. Lamboley, Reno, Nev., for Teamsters, et al.

## ORDER ON MOTION TO DISMISS

EDWARD C. REED, Jr., District Judge.

Defendant Teamsters Union Local 533 (Union) has filed a motion to dismiss plaintiff's first, second and third claims for relief. Document #18. The Wells Cargo defendants have joined in this motion. *See* "Motion to Dismiss or in the Alternative Motion for Summary Judgment" (Document #22) at 2. Pursuant to this Court's Order of March 27, 1984, the Union's motion to dismiss is treated as a motion for summary judgment. Document #27.

*First Claim for Relief (Age Discrimination (Federal law))*

29 U.S.C. § 626(d) provides:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 633(b) provides:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or au-

thorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided,* That such sixty-day period shall be extended to one hundred twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

■ Thus, to bring an action under ADEA, a plaintiff in a "deferral" state such as Nevada must observe two time requirements. First, he must comply with 29 U.S.C. § 626(d)(2), which requires that he file a charge alleging discrimination with the EEOC within 300 days of the alleged unlawful practice. Second, he must comply with 29 U.S.C. § 626(e), which incorporates the statute of limitations from the Portal-to-Portal Act under 29 U.S.C. § 255. The limitations period under § 255 is three years in the case of a willful violation; otherwise it is two years. *See Kanzanzas v. Walt Disney World Co.,* 704 F.2d 1527, 1528 (11th Cir.) (outlining similar procedure to be followed in non-deferral state) (dictum), *cert. denied* — U.S. —, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983). Therefore, even though plaintiff may have filed his claim in federal court within the three year limitations period of §§ 626(e) and 255 the claim is still subject to dismissal if the time requirements for filing a charge under § 626(d) are not met. The record contains

no indication that such a charge has ever been filed. Since it appears that plaintiff has failed to file a charge with the EEOC within 300 days of his termination, as required by § 626(d)(2), his claim is barred unless a reason for equitable modification of the limitations period appears. *See Benima v. Smithsonian Institution,* 471 F.Supp. 62, 65–66 (D.Mass.1979); *Bengochea v. Norcross, Inc.,* 464 F.Supp. 709, 711–12 (E.D.Pa.1979).

### Equitable Modification of Limitations Period

■ The Ninth Circuit has indicated that § 626(d)'s requirements are subject to equitable modification. *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.1981).

> Two kinds of equitable modification have been recognized: (1) equitable tolling, which often focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant, ... and (2) equitable estoppel, which usually focuses on the actions of the defendant ....

*Id.* (citations omitted). *See also Abbott v. Moore Business Forms,* 439 F.Supp. 643, 646 (D.N.H.1977) (Factors to be considered in determining the appropriateness of tolling include: lack of actual notice of the filing requirement; lack of constructive knowledge; diligence in pursuing one's rights; absence of prejudice to the defendant; and plaintiff's reasonableness in remaining ignorant of the notice requirement.). Having evaluated all of the relevant factors as they apply to the plaintiff's case, we find no basis for the application of either type of equitable modification in this case.

In the first place, we note that plaintiff does not contend that the defendants themselves misled him as to the nature of his rights or the limitation periods to which his age discrimination claim was subject.[1]

---

1. Plaintiff states in his affidavit that in October, 1981, he contacted Mr. Lamboley (the attorney for defendant Union) "for advice on the way to proceed further in the matter involving my discharge and the later hearing by Joint Council

No. 38. Mr. Lamboley seemed very indifferent and offered me no help." Reply Memorandum in Opposition to Motion to Dismiss (Document # 20), Exh. B at 4. Plaintiff does not contend, however, that Mr. Lamboley made any misrep-

Therefore, there is no basis for application of the doctrine of equitable estoppel.

With respect to equitable tolling, we note initially that plaintiff was aware of the possibility that he was the victim of age discrimination as early as March 9, 1981, when he filed a claim with NERC on the basis of age discrimination. Reply Memorandum in Opposition to Motion to Dismiss (Document # 20), Exh. C at 2. Therefore, the § 626(d)(2) limitations period can be considered to have begun to run from that point.

■ In ADEA suits, the applicable limitations period is activated once the employee knows or should know that an unlawful employment practice has been committed. *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 593 (9th Cir.1981), *cert. denied* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983).

■ Plaintiff's affidavit, read in the light most favorable to him, indicates that he may have been misled or confused as to how to protect his rights by virtue of the failure of the various agencies that he visited to respond to his grievance or to give him correct information as to how to proceed. Reply Memorandum in Opposition to Motion to Dismiss (Document # 20), Exh. B at 2–3 [hereinafter cited as Reply Memorandum Exh. B]. It is clear, however, that by early June of 1981, plaintiff was aware that the agencies that he had contacted up to that point would not help him. He should then have taken notice that he would have to do something else in order to protect his rights. His response in the face of this development, however, was to devote his attention to his personal affairs until March of 1982, *id.* at 3–6, and he

made only sporadic and ineffective attempts to pursue his age discrimination claim during that period. *Id.* at 4–5. Such conduct is not sufficient to toll ADEA filing periods. *Moon v. Aeronca, Inc.*, 541 F.Supp. 747, 751–52 (S.D.Ohio 1982). Pre-occupation with one's personal affairs cannot be a basis for tolling a limitations period. *Kocian v. Getty Refining and Marketing Co.*, 707 F.2d 748, 753 (3d Cir.), *cert. denied* ── U.S. ── 104 S.Ct. 164, 78 L.Ed.2d 150 (1983). It is instructive to compare plaintiff's situation with that of a litigant who fails to comply with, for example, a rule governing the time for filing a notice of appeal. Such situations are governed by a similar standard. *In re Estate of Butler's Tire & Battery Co.*, 592 F.2d 1028, 1033 (9th Cir.1979). *See also Usery v. Weiner Bros., Inc.*, 70 F.R.D. 615, 617 (D.Conn.1976) (Excuse that defendant could not devote time to litigation because of pressing business was "frivolous."). *Cf. Andrews v. Jacoby*, 39 Cal.App. 382, 178 P. 969, 970 (1919) (Noting that "most men could plead their business as an excuse" for not devoting sufficient attention to litigation in which they are involved.).

■ Plaintiff alleges that "[a]t no time was I advised by my Union, by Union counsel, or Nevada Equal Rights Commission that there were limits for filing complaints." Reply Memorandum Exh. B, *supra*, at 6. However, he does not allege, and we do not find, that this could be construed as "misleading conduct of the defendant[s that] induced the plaintiff the delay filing [a charge]." *Naton*, 649 F.2d at 696. The fact that he continued to make efforts, albeit feeble ones, to seek help from various agencies shows that he was aware that he still might have a claim.[2]

resentations to him, or that his conduct lulled the plaintiff into thinking that nothing further needed to be done in order to protect his rights, and there is in fact no claim that Mr. Lamboley was under any duty to do anything other than what he did. It does not appear that by virtue of his representation of the Union, Mr. Lamboley was obligated to give legal advice to individual Union members.

**2.** Under these circumstances, we need not reach the issue of whether the Union, Union counsel, or the agencies were under a duty to disclose the existence of a limitations period to the plaintiff.

Plaintiff suggests that "[t]his court has power to review the failing of the agencies to properly treat Mr. Hay's complaint." Reply Memorandum in Opposition to Motion to Dismiss (Document # 20), Exh. A at 1. Without reaching the issue of whether or not this statement is accu-

■ The plaintiff's failure to act diligently in protecting his ADEA rights was unfortunately combined with a similar failure on the part of his attorney. By late summer of 1982, plaintiff's attorney was apprised of the "details" concerning plaintiff's age discrimination claim. Reply Memorandum Exh. B, *supra,* at 6. Equitable tolling is inappropriate when plaintiff has consulted counsel during the statutory period. Counsel are presumptively aware of whatever legal recourse may be available to their client, and this constructive knowledge of the law's requirements is thereby imputed to an ADEA claimant. *Leite v. Kennecott Copper Corp.,* 558 F.Supp. 1170, 1174 (D.Mass.) (citing cases), *aff'd. table.* 720 F.2d 658 (1st Cir.1983). *Cf. N.L.R.B. v. Sequoia District Council of Carpenters,* 568 F.2d 628, 633 (9th Cir. 1977) ("In 'our system of representative litigation ... each party is deemed bound by the acts of his lawyer-agent ....' "). No justification has been offered for the attorney's (and by imputation, the plaintiff's) total failure to file a charge with the EEOC as required by § 626(d).

■ We further conclude that the filing of a complaint in this Court should not toll the time for filing a charge with the EEOC. It is apparent that Congress sought to preclude premature resort to the courts by encouraging the prompt resolution of age discrimination complaints at the administrative level. *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1198 (5th Cir.1975). Congress also apparently felt that additional filing time in deferral states (such as Nevada) could be allowed without compromising this policy. However, the conciliation process cannot begin at all until the charge is filed; the filing of a complaint in this Court does nothing to facilitate that process and in fact is likely to impede it. That the delay caused by the filing of a premature

complaint in this Court actually frustrates Congress' desire for prompt administrative resolution is well illustrated by the present case. It is now approximately four years since the conduct complained of took place; but because plaintiff, through his attorney, has bypassed the administrative process, the EEOC has had no opportunity during that period to attempt to resolve the problem. Its ability to do so at this point is essentially lost. Defendant Wells Cargo has been prejudiced by the denial of an opportunity to conciliate plaintiff's age discrimination claim that it would have had had plaintiff complied with § 626(d).

Since it is clear that the plaintiff and his attorney have allowed more than 300 days to lapse without filing a charge with the EEOC, plaintiff's federal age discrimination claim is barred, and his first claim for relief should be dismissed.

## Stay of Federal Proceedings

Plaintiff contends that no State proceeding was commenced within the meaning of § 633(b), and that therefore he is entitled to have his federal claims held in abeyance in this court "pending disposition of [his] complaint by the State." Response to Memorandum in Support of Motion to Dismiss (Document # 32) at 2. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2016, 60 L.Ed.2d 609 (1979), cited by plaintiff in support of this contention, teaches that a plaintiff may not bring suit under ADEA until he has resorted to state administrative proceedings, but that he is not required to commence the state proceedings within the time limits specified by state law. 441 U.S. at 753, 99 S.Ct. at 2070. However, the plaintiff in that case apparently had complied with the filing requirements of § 626(d). *See* 441 U.S. at 754, 99 S.Ct. at 2070.[3] Thus, the plaintiff's failure in the present case to comply with § 626(d) distinguishes his case from *Oscar Mayer.*

---

rate as a matter of law in an abstract sense, we note that none of the agencies involved have been named as parties to this suit. It would therefore be inappropriate at this point to evaluate the adequacy of their handling of plaintiff's age discrimination claim.

**3.** Originally, § 626(d) required the filing of a notice of intent to sue with the Secretary of Labor. That was the procedure that the *Oscar Mayer* plaintiff followed. In 1978, § 626(d) was amended to require the filing of a charge with the EEOC, rather than a notice of intent to sue.

■ The present state of the record does not enable us to determine, as a matter of law, whether a state proceeding has been commenced. Assuming, however, that such a proceeding was in fact commenced, then plaintiff would have had 30 days from the date he received notice of the termination of the proceedings in which to file a charge with the EEOC. 29 U.S.C. § 626(d)(2). Plaintiff states that he received a letter from NERC rejecting his age discrimination claim (see Exh. G to Document # 20) shortly after March 11, 1981. Reply Memorandum Exh. B, *supra* at 2–3. For the purposes of this Order, it is sufficient to note that any tolling of the subsequent 30-day limitations period to which plaintiff might conceivably have been entitled ceased by the end of the summer of 1982, when plaintiff's attorney was provided with the "details" of plaintiff's case. *Id.* at 6. As discussed above, from that point on, the attorney's presumptive knowledge of the statute's requirements was imputed to the plaintiff. Thus, if a state proceeding is regarded as commenced under § 633(b), the 30-day period in which a charge could have been filed under § 626(d) has long since lapsed.

■ Even if, as plaintiff contends, NERC's rejection of plaintiff's age discrimination claim means that a state proceeding was not in fact commenced, the time for filing a charge with the EEOC has nevertheless also lapsed. While we have neither found, nor been cited to, any cases that would assist us in resolving this issue, we reject the proposition that the fact that a state age discrimination proceeding is not commenced under § 633(b) means that an employee may bring an age discrimination complaint to federal court long after the filing periods mandated by § 626(d) have passed. The terms of ADEA itself do not contain a "time requirement for the commencement of proceedings under state law." *Curto v. Sears, Roebuck & Co.*, 552 F.Supp. 891, 895 (N.D.Ill.1982). However,

ADEA's status as federal legislation militates against adopting a rule that would allow a plaintiff to effectively nullify § 626(d)'s limitations period by initiating a parallel state administrative proceeding where, as here, over 300 days have elapsed without justification. As a practical matter, such an interpretation would render meaningless the limitations period of § 626(d), and we decline to adopt it. Instead, we hold that under ADEA, the existence of a state remedy has relevance only to the extent that it determines whether the 300-day filing period of § 626(d)(2) applies, rather than the 180-day period of § 626(d)(1). In other words, the controlling event is the filing of a charge with the EEOC. Filing of a claim with a state agency must occur within the period established in § 626(d) if it is to have any relevance with respect to the federal proceedings. Thus, in a deferral state, if 300 days elapse before a plaintiff files a charge under § 626(d)(2), his claim is barred, and cannot be resurrected by the subsequent initiation of a state proceeding under § 633(b). *Cf. Avakian v. Trinity Memorial Hospital*, 514 F.Supp. 1297, 1299 (E.D.Wisc.1981) (*Federal* rights preserved where plaintiff filed with *both* federal and state agencies within 300 days.).

### Second Claim for Relief (Age Discrimination (State law))

Under Nevada law, any person injured by an unlawful employment practice may seek relief from a state district court. NRS 613.420. However, such relief must be sought within 180 days of the date of the act complained of. NRS 613.430. If administrative relief is sought from a state agency [4], the limitation period is tolled during the pendency of the administrative proceeding. *Id.* In the present case, plaintiff filed a complaint with the Nevada Equal Rights Commission, but since the Commission refused to process the complaint, its pendency before the Commission was extremely short. Accordingly, NRS 613.430's

**4.** The version of NRS 613.430 in effect at the time that the alleged discriminatory conduct took place provided that a complaint could be filed with either the Nevada Equal Rights Commission or the Labor Commissioner. *See* 1977 Nev.Stat. 1609.

180-day limitations period cannot be regarded as having been tolled for more than a few days on the basis of pendency.

 Nevada follows the general rule that limitations periods in actions of this type are subject to equitable tolling. *Copeland v. Desert Inn Hotel*, Nev., 673 P.2d 490, 492 (1983). However, as discussed above, the record in the present case clearly demonstrates that between June of 1981 and March of 1982, plaintiff was tending to personal business rather than attempting to protect his ADEA rights. Even if the few occasions on which he attempted to telephone various agencies for assistance are regarded as having tolled the limitations period, the conclusion is inescapable that the 180-day limitations period provided for in NRS 614.430 lapsed sometime in late 1981 or early 1982. Therefore, state age discrimination is time barred, defendants are entitled to a dismissal of plaintiff's second claim for relief.

 We are aware that the courts are reluctant to decide equitable tolling issues in the context of a motion for summary judgment. *Aronsen v. Crown Zellerbach*, 662 F.2d at 595. In the present case, however, the undisputed facts compel the conclusion that the limitations period on plaintiff's federal and state age discrimination claims should not be tolled. No purpose would be served by conducting a trial on this issue. Defendants are entitled to a dismissal of these claims as a matter of law.

 We are also aware that courts are sometimes reluctant to punish a client for the action of his lawyer. However, where it is possible that such a plaintiff may obtain relief from his attorney, it is inappropriate to deprive a defendant of his right to the dismissal of a stale claim. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n. 10, 82 S.Ct. 1386, 1390 n. 10, 8 L.Ed.2d 734 (1962); *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1282 n. 13 (9th Cir.1980). In the present case, we are also influenced by the fact that it may be possible for plaintiff to litigate the merits of his age discrimination claim in the context of his fair representation claim. See Order on "Motion to Dismiss or in the Alternative Motion for Summary Judgment," issued today in this case.

### Third Claim for Relief (Fair Representation)

 Under *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), fair representation suits are subject to 29 U.S.C. § 160(b)'s limitations period. The Ninth Circuit, however, has held that *DelCostello* is not to be applied retroactively. *Barina v. Gulf Trading & Transp. Co.*, 726 F.2d 560, 562–63 (9th Cir.1984).[5] Plaintiff's fair representation claim accrued on either February 26 or 26, 1981, when his discharge was upheld by a labor-management arbitration panel. Motion to Dismiss (Document # 18), Exh. A (Supplemental Agreement, Art. 45, § 1(a); Exh. B (minutes of arbitration panel); Affidavit of Paul H. Lamboley. Under the law in effect at that time, state law would have been the source of the applicable limitations period, 726 F.2d at 562, and *DelCostello's* six-month limitations period is inapplicable.

Plaintiff has accused his employer of secretly conspiring with the Union to deny him of his right to fair representation. Such conduct, if proven, closely resembles

---

5. *Barina* was a "hybrid § 301/fair representation" action. Such an action involves an allegation that (1) the union violated its duty of fair representation during the grievance proceeding and that (2) the terms of the settlement violated the collective bargaining agreement, thus rendering the employer liable under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. 726 F.2d at 561–62.

In a typical "hybrid" case, under the law prevailing at the time plaintiff's fair representation claim accrued, the "§ 301" claim would have been subject to a six-year limitations period as "[a]n action upon a contract ... founded upon an instrument in writing ....", NRS 11.-190(1)(b), while the fair representation claim would have been subject to a three-year limitations period as "[a]n action upon a liability created by statute ....", NRS 11.190(3)(a). *See* 726 F.2d at 562.

fraud. We therefore conclude that plaintiff's fair representation claim against both the Union and Wells Cargo is subject to the three year limitations period established under NRS 11.190(3)(d) for actions for relief "on the ground of fraud ....", and that his claim was timely filed.

IT IS, THEREFORE, HEREBY ORDERED that the motion to dismiss plaintiff's first and second claims for relief is granted.

IT IS FURTHER ORDERED that the motion to dismiss plaintiff's third claim for relief is denied.