Daniel L. FREEMAN, Plaintiff,

v.

CSX TRANSPORTATION CO., INC., et al., Defendants.

Civ. A. No. 88-T-749-S.

United States District Court, M.D. Alabama, S.D.

March 22, 1989.

Jack W. Smith, Dothan, Ala., for plaintiff.

Barry V. Frederick, Powell, Tally & Frederick, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

This matter is before the court on defendant CSX Transportation Company's motion for summary judgment filed on November 16, 1988. In this motion, CSX Transportation Company notes that, at the time the court entered its order and accompanying memorandum opinion of November 10, 1988, refusing to dismiss plaintiff Daniel L. Freeman's Title VII claim,[1] the court was under the mistaken belief that it was without a copy of the charge that Freeman had filed with the Equal Employment Opportunity Commission (EEOC). As CSX correctly points out, a copy of the EEOC charge was in the court's file. Accordingly, the court now turns to CSX's contention that Freeman's Title VII claim is barred by his failure to file a charge with the EEOC within 180 days as required by Title VII.[2]

As the court discussed in its earlier opinion, Daniel Freeman, a black lay preacher in the Pentecostal Faith Deliverance Church, began working for Seaboard Coastline Railroad in 1979 as a trackman. Shortly after starting work at Seaboard, he was fired and another individual was hired in his stead. In his complaint, Freeman alleged that he was fired because of his religious affiliation. He sued CSX, formerly known as Seaboard Coastline Railroad, alleging violations of 42 U.S.C.A. § 1981, 42 U.S.C.A. § 1983, and Title VII. By this court's order of November 10, 1988, his § 1981 and § 1983 claims were dismissed.

The court, however, concluded, with regard to Freeman's Title VII claim, that there was conceivably some set of extraordinary circumstances that would result in Freeman's claim not being barred, even though his charge with the EEOC was filed years after the 180-day period required by Title VII. But because the court was under the mistaken impression that it did not have the EEOC charge before it, the court did not reach CSX's argument that, even assuming that Freeman's Title VII claim did not accrue for the purposes of calculating the applicable charge-filing period with EEOC until he discovered the fact that he was the victim of CSX's discriminatory practices, over 180 days lapsed from the date of this discovery until the date the charge was filed with the EEOC.

### I.

It appears from Freeman's affidavit that he first learned of the fact that he was the victim of discrimination on or about April 1, 1987. Upon learning of this fact, he "immediately and forthwith sought legal counsel," who mailed a letter on April 2, 1987, to CSX raising Freeman's contentions. Freeman did not receive a favorable response from CSX, and then filed a charge of discrimination with the office of the Florida Commission on Human Relations in Tallahassee, Florida. The Commission received the charge, as shown by its file stamp, on September 23, 1987. The Commission then forwarded the charge to the EEOC district office in Miami, Florida, where it was received on September 29,

---

**1.** Title VII of the Civil Rights Act of 1964; as amended, 42 U.S.C.A. §§ 2000e through 2000e–17.

**2.** 42 U.S.C.A. § 2000e–5(e).

1987.[3] The Miami office then forwarded the charge to the EEOC office in Birmingham, Alabama, where it was received on October 5, 1987.[4] Thus, the time span from April 1 when Freeman first learned of the discrimination to September 29 when the EEOC's Miami district office received Freeman's charge covered a span in excess of 180 days.[5]

As stated, Title VII requires that an employee file an EEOC charge within 180 days of an allegedly illegal employment practice if that employee intends to bring a civil suit based upon that practice. However, failure to file a charge with the EEOC within the 180–day period does not serve as a jurisdictional bar to the employee bringing an action in federal court; rather, the 180–day requirement, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Because CSX raised the 180–day requirement in its motion to dismiss, waiver clearly is not an available avenue to Freeman. Similarly, Freeman has made no argument that CSX should be estopped from raising the 180–day requirement. This leaves only the issue of equitable tolling.

■ As a general rule, "equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748, 753 (3rd Cir.), *cert. denied,* 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983). *Accord Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109 (2nd Cir.1978). *See also Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80

L.Ed.2d 196 (1984). Equitable tolling should not, however, be liberally construed; rather, only under certain circumstances should the doctrine be applied. *See Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980) ("experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law").

■ The question in this case is whether Freeman's timely filing of a charge of discrimination with the Florida Commission on Human Rights should be construed as tolling the 180–day period. An argument can be made that it should. After all, the Florida Commission on Human Rights is a "qualifying state agency" under 29 C.F.R. § 1601.80. *See Thomas v. Florida Power and Light Co.,* 764 F.2d 768, 770 (11th Cir.1985). Thus, had the discriminatory action of which Freeman complained occurred in Florida, he would have had 300 days in which to file his charge with the EEOC, 42 U.S.C.A. § 2000e–5(e), and his charge to the EEOC would have been considered timely.

The fact remains that CSX's alleged acts of discrimination occurred in Alabama. Thus, Freeman's only argument is that the 180–day period should be equitably tolled due to his "good faith" mistake in filing the charge with the Florida agency. However, under the facts of this case, the court concludes that it need not reach the issue of whether Freeman's filing a charge with the Florida Commission on Human Rights should be considered as tolling the 180–day requirement, even when there is no plausible explanation as to why Freeman thought filing a charge with the Florida agency would be appropriate. Instead, the court focuses its attention on the fact that, as of April 2, 1987, Freeman had obtained counsel. Equitable tolling is particularly

---

**3.** Affidavit of Thomas H. Gibbons, Deputy District Director of the Birmingham District Office of the Equal Employment Opportunity Commission.

**4.** *Id.*

**5.** The fact that the charge was initially received by the Miami district office, and not the Bir-

mingham district office is of no consequence. "A charge may be made ... at the offices of the Commission in Washington, D.C., or any of its district, area or local offices or with any designated representative of the Commission." 29 C.F.R. § 1601.8.

inappropriate when plaintiff has consulted counsel during the statutory period. *Hay v. Wells Cargo, Inc.,* 596 F.Supp. 635, 640 (D.Nev.1984), *aff'd,* 796 F.2d 478 (9th Cir. 1986) (table). When an employee has retained counsel, constructive knowledge of the procedures of how to proceed with a charge of discrimination is "attributed" to the employee. *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1200 n. 8 (5th Cir.1975). In this case, Freeman admits that he had obtained counsel who, with 179 days remaining in the time period for filing an EEOC charge, actively began pursuing his case. Under these circumstances and with no explanation as to why the charge was filed originally with the Florida Commission on Human Relations rather than the Florida or Alabama EEOC office, the court concludes that Freeman has provided no justification for equitable tolling.[6] *See Kocian v. Getty Refining and Marketing Co.,* 707 F.2d at 755; *Smith v. American President Lines, Ltd.,* 571 F.2d at 110; *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d at 1200 n. 8; *Hay v. Wells Cargo, Inc.,* 596 F.Supp. at 640; *Leite v. Kennecott Copper Corp.,* 558 F.Supp. 1170, 1174 (D.Mass.) (collecting cases), *aff'd,* 720 F.2d 658 (1st Cir.1983) (table). *Cf. Lee v. U.S. Postal Service,* 774 F.2d 1067, 1069 n. 3 (11th Cir.1985) (per curiam) (suggesting in dicta that errors by trial counsel are not grounds for equitable tolling).

## II.

The court concludes that Freeman has failed to comply with the strictures of 42 U.S.C.A. § 2000e–5(e). Given that equitable tolling is not available to Freeman, the court finds that Freeman has failed to

satisfy a condition precedent to bringing a Title VII action in federal court.

An appropriate judgment will be entered.

## JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) Defendant CSX Transportation Company Inc.'s November 16, 1988, motion for summary judgment is granted;

(2) This cause is dismissed in its entirety; and

(3) Costs are taxed against the plaintiff, Daniel L. Freeman, for which execution may issue.

---

6. The court expresses no view as to what its conclusion would have been had Freeman's counsel been able to provide some reasonable justification as to why he filed the discrimination charge with the Florida Commission on Human Rights. *Compare Smith v. General Scanning, Inc.,* 832 F.2d 96 (7th Cir.1987) (age discrimination claim filing not timely when individual originally filed complaint with unrelated state agency) *with Husch v. Szabo Food Service Co.,* 851 F.2d 999 (7th Cir.1988) (equitable tolling permitted when plaintiff filed age discrimination complaint with agency in state

in which a reasonable person could believe the discrimination occurred). Moreover, the court expresses no view as to what its conclusion would be had Freeman not been represented by counsel. As the Third Circuit observed in *Kocian v. Getty Refining & Marketing Co.,* "equitable tolling is particularly appropriate in cases involving 'lay persons unfamiliar with the complexities of the administrative procedures.'" 707 F.2d at 755 (*quoting Hart v. J.T. Baker Chemical Corp.,* 598 F.2d 829, 832 (3rd Cir. 1979)).