786 F.2d 1108
 40 Fair Empl.Prac.Cas. 959,
39 Empl. Prac. Dec. P 36,074
Freddie L. MANNING, Plaintiff-Appellant,
v.
Paul C. CARLIN, as Postmaster General of the United States
Postal Service, Defendant-Appellee.
 No. 85-7442.
 United States Court of Appeals,
Eleventh Circuit.
 April 15, 1986.
 
 1
 Frank W. Riggs, Riggs, Nesmith & Halstrom, P.A., Montgomery, Ala., for plaintiff-appellant.
 
 
 2
 Charles R. Niven, Kenneth E. Vines, Montgomery, Ala., Joan C. Goodrich, U.S. Postal Service, Office of Labor Law, Washington, D.C., for defendant-appellee.
 
 
 3
 Appeal from the United States District Court for the Middle District of Alabama.
 
 
 4
 Before JOHNSON and HATCHETT, Circuit Judges, and MURPHY*, District Judge.
 
 HAROLD L. MURPHY, District Judge:
 
 5
 In this Title VII case, the district court granted summary judgment for failure to exhaust administrative remedies. We affirm.
 
 
 6
 Appellant, Freddie Manning, has worked for the United States Postal Service since 1961. Until October 2, 1981, appellant worked as a letter carrier. He was promoted to delivery supervisor, at that time, as a result of a settlement of two EEOC complaints. In the EEOC complaints, appellant claimed racial discrimination in the promotion practices of Mr. R.B. Geohagen.
 
 
 7
 Sometime in early 1984, Mr. Geohagen requested that the Postal Inspection Service investigate the use of "7.01 time" at appellant's postal station. 7.01 time refers to the practice of rounding time cards out to 8 hours, even though a postal carrier completes his route before a full 8 hour day. Although this practice is permitted, appellant was apparently too liberal in his allowance of 7.01 time.
 
 
 8
 Mr. Geohagen demanded that appellant voluntarily step down as supervisor and resume his position as a carrier. Appellant claims that Mr. Geohagen threatened criminal prosecution if he did not step down. Although appellant claims that Mr. Geohagen's actions were racially motivated, appellant did not file an EEOC complaint within 30 days as required under Title VII. The trial court entered summary judgment for the appellee and appellant argues on appeal that the thirty day limitations period should not bar his claim, because he was improperly intimidated by the threat of criminal prosecution.
 
 
 9
 In Chappell v. Emco Machine Works Company, 601 F.2d 1295 (5th Cir.1979), the court suggested that the jurisdictional requirement of exhaustion of administrative remedies in a Title VII case might be subject to "equitable modification." In summarizing the situations in which equitable tolling of the limitations period under Title VII would be appropriate, however, the court found only three categories. The categories included: situations in which an action was pending before a state court, situations in which the defendant had concealed facts supporting a cause of action under Title VII, and situations in which the plaintiff was mislead by the defendant about the nature of his rights under Title VII. None of these situations is present in this case. As in Chappell, we find nothing to justify suspending the exhaustion requirement. Accordingly, the summary judgment is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Harold L. Murphy, U.S. District Judge for the Northern District of Georgia, sitting by designation