**Bobby L. JONES, Plaintiff,**

v.

**Anthony M. FRANK, as Postmaster General of the United States Postal Service, Defendant.**

**No. 88–0605–CIV.**

United States District Court, S.D. Florida.

Aug. 29, 1989.

Patricia Graham Williams, Miami, Fla., for plaintiff.

Marilynn Koonce, Asst. U.S. Atty., Miami, Fla., for defendant.

**FINAL SUMMARY JUDGMENT**

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss, or alternatively, for Summary Judgment. Both parties have filed affidavits and other supporting documentation. Therefore, this motion will be treated as one for Summary Judgment. Fed.R.Civ.P. 12(b).

THE COURT has considered the Motion and the pertinent portions of the record. On August 7, 1989 a hearing was held at which counsel for Plaintiff and Defendant were present and heard. At the hearing, the parties were invited to file supplemental memoranda discussing the duty of an employer to correct alleged disparate treatment resulting from arbitrators' decisions. The parties filed supplemental memoranda, which the Court has also considered. The Court is otherwise fully advised in the premises.

The following facts are undisputed: Plaintiff, a former Postal Service employee, was involved in a altercation on September 10, 1986 with another Postal Service employee, Donald Dowd. Plaintiff is black, and a disabled Vietnam veteran; Dowd is caucasian. Dowd had a record of insubordination (Motion for Summary Judgment, Att. 7); Plaintiff did not. As a result of the altercation, Plaintiff and Dowd were both terminated. Both filed grievances; each case was heard by a separate arbitrator.

Exactly what transpired on Sept. 10, 1986 is a matter of controversy. According to the Post Office, Dowd approached Plaintiff (at the Post Office bulletin board) with a knife and stated, "Get this boy out of here and away from me or I'll cut him up." After a scuffle, the two were separated and sent to their respective areas. Plaintiff then got his folding knife, and approached Dowd stating "Now I've got a knife too," and "now I am ready for you." (Plaintiff denies making these statements.) No further contact occurred. *See* Motion for Summary Judgment, Ex. 1, Att. 1; Ex. 2, Att. 1, Att. 7.

Plaintiff's arbitrator found that the same events occurred. *See* Motion for Summary Judgment, Ex. 2, Att. 1, Att. 5. Dowd's arbitrator found that Plaintiff initially threatened Dowd, that Dowd's "knife" was a letter opener he grabbed off a desk, and that Dowd was merely trying to protect himself. *See* Motion for Summary Judgment, Ex. 2, Att. 1, Att. 9.

As a result of the arbitration proceedings, Dowd's arbitrator modified his termination to a 60 day suspension, and he was eventually reinstated by Defendant. Plaintiff's arbitrator found that Plaintiff was the initiator, and his termination was not modified. As a result, Plaintiff brings this discrimination action pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and 2000e. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Defendant now contends that Plaintiff's case should be dismissed because Plaintiff failed to exhaust his administrative remedies, and because the complaint fails to state a claim.[1]

Administrative Remedies

■ Defendant argues that the complaint should be dismissed because Plaintiff failed to exercise his administrative remedies. Specifically, Defendant contends that Plaintiff failed to file his complaint with the Equal Employment Opportunity Commission within 30 days from the date his employment was terminated. Defendant maintains that this failure is fatal to Plaintiff's complaint now. *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir.1986).

In response, Plaintiff contends that the triggering event was not the date that he was fired (November 12, 1986), but the date he learned that Dowd was rehired and he was not (December 29, 1987; *See* Memorandum in Opposition, *affidavit* of Bobby Jones). The EEOC Complaint was filed within 30 days of that date.

The pertinent regulation, 29 C.F.R. § 1631.214(a)(1)(i), states that the aggrieved person must initiate the process

... within 30 days of the date of the alleged discriminatory event, ... or the date that the aggrieved person knew or should have known of the discriminatory event or personnel action; ...

In a Summary Judgment analysis, a court must view all evidence and inferences to be drawn in a light most favorable to the non-moving party. *Rollins v. Techsouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir.1987). Viewed in a light most favorable to Plaintiff, the complaint can be fairly read as stating an action for discrimination for not being rehired when Dowd was, as opposed to an action for wrongful termination. In this light, Plaintiff timely filed his complaint within the time period in which he learned of the basis of the alleged discrimination.

Failure to State a claim.

■ Defendant next contends that Plaintiff has failed to make a *prima facie* showing of discrimination. Defendant argues that it did not discriminate because it treated both parties to the incident identically— it fired them both. Plaintiff responds that Defendant was aware of the arbitrators' disparate decisions and was therefore under a duty to rectify the discriminatory result, and that by failing to do so, it violated Title VII.

Plaintiff cites *Kramer–Navarro v. Bolger*, 586 F.Supp. 677 (D.C.N.Y.1984), a case which refers to *Alexander v. Gardner–Denver Company*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), for the proposition that a federal court should not defer to the decisions of an arbitrator in a Title VII claim administered under a collective bargaining agreement. These cases are not on point, however. In *Alexander*, the plaintiff was fired by a private company and then took his case through arbitration. The district court held that the employee

---

**1.** In response to Defendant's motion, Plaintiff withdrew his claims based on 42 U.S.C. §§ 1983, and 1985. Memorandum in Opposition at 2. Plaintiff did not state he was withdrawing his § 1988 claim, however, as Defendant points out,

§ 2000e–16(c) is the exclusive remedy for redress of federal employment discrimination. *Grier v. Secretary of Army*, 799 F.2d 721, 724 n. 2 (11th Cir.1986).

agreed to binding arbitration and could not therefore bring a Title VII action. The Supreme Court, reversing, noted that "in instituting an action under Title VII, the employee is not seeking review of the arbitrator's decision. Rather, he is asserting a statutory right independent of the arbitration process." *Id.* 94 S.Ct. at 1023.

Not so in this case; Defendant is asserting a right that is *dependant* on the arbitration process. Defendant fired both employees involved in the altercation, and rehired Dowd on the basis of the arbitrator's decision. Thus, the issue here is not whether a court may defer to arbitration decision, but whether the employer may.

More on point, and persuasive, is *Wynn v. North American Systems*, 608 F.Supp. 30 (N.D.Ohio 1984). *Wynn* is factually similar to this case: two employees were fighting, both were terminated, and the cases were sent to arbitration. The arbitrator found that one employee had struck the other, and ordered reinstatement for the victim but not the aggressor. The defendant company followed the arbitrator's recommendation.

The Ohio Court found that *Alexander* did not control. Unlike *Alexander*, the *Wynn* defendant company had acted in a clearly nondiscriminatory fashion; both instigators were discharged. The Court noted that the plaintiff did not challenge the fact that she was discharged, but challenged instead the fact that the company reinstated the other party. Finally, the Court empathized with the Hobson's choice faced by the defendant. If the company reinstated neither party, it would violate the labor agreement. If it reinstated both, it would be reinstating Plaintiff, who was found to have struck the blow.

As in *Wynn*, Plaintiff here is not, at heart, alleging that his termination was wrongful (if he was, his claim would be barred by the 30 day time limitation of 29 C.F.R. § 1631.214(a)(1)(i)), but that Defendant's failure to rehire him was discriminatory in light of Dowd's reinstatement. However, as found in *Wynn*, Defendant here did not act in a discriminatory manner; it fired both parties involved in the alterca-

tion. Put another way, while under *Alexander* Defendant could not have relied on an arbitrator's decision to protect it from its alleged acts of discrimination, its reliance on an arbitrator's ruling should not be said to be the source of the discrimination.

Plaintiff nonetheless contends that Defendant has an affirmative duty to correct the alleged disparate treatment which resulted from the arbitrators' decisions. Plaintiff argues that this duty arises because Defendant on other occasions has corrected arbitrators' decisions which had disparate impact on its employees, and cites two cases as evidence of this assertion.

However, neither case supports Plaintiff's position. Neither case involved a situation where the Postal Service appealed an arbitrator's decision because of alleged disparate treatment. One case cited, *United States Postal Service v. National Association of Letter Carriers*, 847 F.2d 775 (11th Cir.1988), was an action by the Postal Service to vacate an arbitration award which had reinstated an employee who had been convicted of stealing from the mails. The other case, *United States Postal Service v. American Postal Workers Union*, Case No. 84–0113–CIV–EATON, was an action by the Service to overturn an arbitrator's decision which returned to work an employee who had been dismissed for using drugs. Neither case supports Plaintiff's claim that Defendant in the past has acted to overturn an arbitrator's decision which was purportedly discriminative.

In conclusion, Plaintiff has failed to make a *prima facie* showing of discrimination. A *prima facie* case is shown in this situation if the plaintiff shows that he was qualified for the job from which he was fired, and that the misconduct for which he was discharged was nearly identical to that engaged in by an employee outside the protected class whom the employer retained. *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir.1984). The record, even when viewed in a light most favorable to the Plaintiff, indicates that Defendant treated him the

same as Dowd; both were fired. If Plaintiff's claim is that the arbitrator acted in a discriminatory manner by not reinstating him, his cause of action lies against the arbitrator, if anyone.

Plaintiff having failed to make a *prima facie* showing of discrimination, summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial). Thereupon, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment be, and the same is, hereby GRANTED. Final Summary Judgment is hereby entered in favor of Defendant, Anthony M. Frank, as Postmaster General of the United States Postal Service, and against Plaintiff BOBBY L. JONES, together with costs to be taxed by the Clerk of this Court upon the filing of an appropriate bill of cost form.

DONE AND ORDERED.