**Katherine Ann BAKER, Plaintiff,**

v.

**F. Whitten PETERS, Secretary, Department of the Air Force, Defendant.**

No. Civ.A. 99–T–1143–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 7, 2000.

Michael J. Petersen, Montgomery, AL, Janie Baker Clarke, Mathews, AL, for Katherine A. Baker, plaintiff.

Kenneth E. Vines, Redding Pitt, U.S. Attorney, Leura J. Garrett, U.S. Attorney's Office, Montgomery, AL, for F. Whitten Peters, Secretary Dept. of the Air Force, defendant.

## OPINION

MYRON H. THOMPSON, District Judge.

Plaintiff Katherine Ann Baker filed this lawsuit against her employer, claiming that

she was subjected to unlawful discrimination on the basis of her disability. She named F. Whitten Peters, the Secretary of the Air Force, as the sole defendant. She bases her lawsuit on three federal statutes: 42 U.S.C.A. §§ 1981a, 2000e through 2000e–17, popularly referred to as Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C.A. §§ 12101 through 12213, commonly known as the Americans with Disabilities Act (ADA); and 29 U.S.C.A. §§ 701 through 796i, known as the Rehabilitation Act of 1973. The jurisdiction of this court has been properly invoked pursuant to 28 U.S.C.A. §§ 1331 (federal question), 1343(a)(4) (civil rights), and 42 U.S.C.A. §§ 2000e–5(f)(3) (Title VII), 12117(ADA).

The court now takes up the motion to dismiss or, in the alternative, for summary judgment, filed by the Secretary on May 12, 2000. Based on the briefs and evidentiary materials filed by the parties, and for the reasons that follow, the court concludes that Baker failed to exhaust administrative remedies in a timely fashion, and that summary judgment should therefore be granted.

## I. SUMMARY–JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Where, as here, the non-moving party bears the burden of proof at trial, "the moving party, in order to prevail, must do one of two things: show that the non-moving party has no evidence to support its case, or present 'affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial.' " *Hammer v. Slater,* 20 F.3d 1137, 1141 (11th Cir.1994) (quoting *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437–38

(11th Cir.1991) (en banc)). Once the party seeking summary judgment has informed the court of the basis for its motion, the burden shifts to the non-moving party to demonstrate why summary judgment would be inappropriate. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To this end, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). In making its determination, the court must view all evidence and any factual inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## II. FACTUAL BACKGROUND

Baker, an individual with a disability, initially applied to work at Maxwell Air Force Base in Montgomery, Alabama in 1994. At that time and continuing to the present day, the Air Force has had a policy of maintaining two separate lists of available jobs for prospective applicants. One list contains jobs that are "closed to the public," and can be accessed only by certain groups such as veterans and the spouses of military personnel; the other list, of positions "open to the public," is available to all other Air Force job applicants. As an applicant to the Maxwell Air Force Base, Baker was provided only the open list of jobs, despite her insistence that disabled individuals constitute one of the groups who are entitled access to the closed list.

After being hired in October 1995 as a staffing clerk in the personnel office—one of the jobs on the open list—Baker continued to pursue her claim that individuals with disabilities are entitled to apply for

the jobs on the closed list. She approached both co-workers and her superiors about the issue, but was met with uniform opposition in the form of denials that disabled individuals were eligible to apply for the preferred jobs. When she took the issue to the base's equal employment opportunity (EEO) office, EEO counselor Kitty Combs instructed her that her questions would be more appropriately addressed by the personnel office. When Baker responded that individuals in the personnel office had refused to acknowledge her entitlement to preferred application status, Combs told her that she therefore did not have a valid claim of discrimination.

Unsatisfied with Combs's handling of the issue, Baker researched the question independently, and, in April or May of 1996, she uncovered a federal regulation requiring that disabled individuals be given an opportunity to apply for jobs on the closed list. Baker has testified that it was finding this regulation that finally convinced her that she had indeed been subjected to unlawful discrimination.

Armed with this new evidence, Baker made another trip to the EEO office, and, with the assistance of EEO officer Linda Palmer, filled out a formal complaint. She stopped short of signing and filing the complaint, however, out of fear that taking formal legal action would result in the loss of her job. This fear stemmed from a suggestion, made by her supervisor Linis Cox just before Baker went to the EEO office, that Baker might reconsider filing an administrative complaint, given that she was already on probationary status for on-the-job misconduct.

The next time Baker contacted Combs about filing a complaint of discrimination, Combs informed her that the limitations period for filing a complaint had already expired, and that it was therefore too late for Baker to take any formal legal action.

Baker did not have any further contact with the EEO office until February 4, 1998, when she filed the administrative complaint that ultimately resulted in the instant law suit.

As this dispute persisted, Baker started being subjected to harassment by her co-workers. Baker also claims that she received unfairly low performance evaluations from her superiors, allegedly in response to her efforts to advocate on her own behalf. Despite the negative reactions from her co-workers, Baker continued trying to assert her eligibility for jobs on the closed list. Having gained access to the list through her employment in the personnel office, Baker submitted applications for approximately 50 jobs during her eleven months of employment at Maxwell. She was often told that her applications would not be considered, however, and she was not offered any of the jobs for which she applied. On November 10, 1996, Baker voluntarily resigned from her position at Maxwell.

After filing her formal complaint with the Air Force on February 4, 1998, and receiving the final agency decision against her, Baker filed this lawsuit pro se on September 27, 1999, claiming that the Secretary had discriminated against her on the basis of her disability by failing to hire her to a position on the closed list and by failing to promote her to such a position after being hired. Baker later retained an attorney and, on February 14, 2000, she filed a motion to amend her complaint. Her first amended complaint added new theories of disability-based discrimination, including claims of retaliation by both her co-workers and her superiors, and claims about the accessibility of the facilities at Maxwell for disabled employees. On April 28, 2000, Baker filed another motion to amend, and her second amended complaint

eliminated the facilities claims and added a claim of hostile work environment.

## III. ANALYSIS

The Secretary argues that summary judgment should be granted in his favor because Baker failed to exhaust the administrative remedies required of federal employees raising claims under Title VII, the ADA, and the Rehabilitation Act, before bringing their claims into federal court. Though there is no dispute that Baker did file a formal complaint with the Air Force and receive a final agency decision before filing this lawsuit, the Secretary argues that she failed to file her administrative complaint within the time frame set out for federal employees in the Code of Federal Regulations.

■ Under the regulations, federal employees complaining of discrimination in their employment are first required to contact a counselor at their agency's EEO office within 45 days of the alleged discriminatory act or condition. *See* 29 C.F.R. § 1614.105(a)(1). Certain mandatory exceptions apply to this deadline; for example, the 45–day period may be extended when "the individual shows that . . . he or she did not know and reasonably should not have . . . known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2). In such cases, the limitations period does not begin to run until the employee becomes or should have become aware of the alleged discrimination. *See Sturniolo v. Sheaffer,* 15 F.3d 1023, 1025 (11th Cir. 1994) ("[A] limitations period does not start to run until the facts which would support a charge of discrimination are apparent or should be apparent to a person with a reasonably prudent regard for his rights.")

Once the employee contacts her EEO counselor, she must undergo a counseling period, and, if the dispute cannot be re-solved, the counselor must inform the employee with 30 days after the initial contact of her right to file a formal complaint with the agency. *See* 29 C.F.R. § 1614.105(d). Once she has received such notice, the employee has 15 days to follow through with her formal complaint. *See* 29 C.F.R. § 1614.106(b).

■ Only after filing this administrative complaint, and either receiving a final agency decision or waiting 180 days (whichever comes first), may the employee file a lawsuit in federal court under Title VII, the ADA, or the Rehabilitation Act. *See Increase Minority Participation by Affirmative Change Today (IMPACT) v. Firestone,* 893 F.2d 1189, 1196 (11th Cir. 1990) (Title VII plaintiffs must exhaust administrative remedies before filing suit in federal court); *Zillyette v. Capital One Financial Corp.,* 179 F.3d 1337, 1339 (11th Cir.1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964."); *Doe v. Garrett,* 903 F.2d 1455, 1461 (11th Cir.1990) (Federal employees raising private actions under the Rehabilitation Act of 1973 must fulfill Title VII's administrative exhaustion requirements before proceeding to federal court). A federal employee's failure to undergo these administrative procedures and to adhere to the stated deadlines is a ground for dismissal of her action for failure to state a claim. *See Manning v. Carlin,* 786 F.2d 1108, 1109 (11th Cir.1986).

The Secretary's administrative exhaustion argument, not unlike many judicial opinions on this issue, seems to confuse the different deadlines required of a federal employee complaining of discrimination. On the one hand, he refers to a 45–day deadline, which, as described above, applies to only the time in which the employee must make an initial contact with an

EEO counselor. At the same time, however, the Secretary argues not that Baker failed to make contact with an EEO counselor, but rather that she was late in filing a formal administrative complaint—the deadline for which is 15 days after receiving notice from the EEO counselor of her right to file. In an effort to untangle this confusion, the court will consider whether Baker met the requisite deadlines at each stage of the administrative review process.

### A. Contacting an EEO Counselor

■ A federal employee complaining of unlawful workplace discrimination is first required to make contact with her EEO counselor within 45 days of the discriminatory act or her reasonable knowledge thereof. Based on the evidence before the court, and especially viewing it in the light most favorable to Baker, the court concludes that Baker did make contact with her EEO counselor, Kitty Combs, well within that time limit.

In order to assess whether Baker contacted Combs in a timely fashion, the court must first determine when the limitations period began, by identifying either when the alleged discrimination occurred or when Baker should have been aware that she had been subjected to discrimination. The triggering discriminatory action in this case was the Air Force's refusal to provide Baker with access to the list of job openings that were closed to the public. This event first occurred while Baker was applying for employment at Maxwell prior to her being hired in October 1995. The same form of discrimination also continued throughout her employment, however, as she continued to try to apply for jobs on the closed list and was repeatedly told that agency policy prohibited her from doing so.

The difficulty in pinpointing the exact time of the alleged discrimination is not insurmountable, however, because the starting point for the limitations period did not necessarily occur at the time of the discriminatory acts. Rather, the limitations period could be delayed until Baker knew or reasonably should have known that such actions gave rise to a colorable claim of discrimination. Baker has testified in deposition that, though she believed from the beginning that she was eligible for jobs on the closed list, her superiors within the personnel office told her that she was not eligible, and EEO officer Combs told her that she did not have a valid complaint. Given the affirmative information from her superiors and her EEO counselor that she had not been subjected to unlawful discrimination, Baker could not reasonably be expected to know that she had a valid claim until she received additional information to the contrary.

Baker argues, and the court agrees, that she did not know about the alleged discrimination, and the 45–day limitations period did not begin to run, until she found a federal regulation indicating that individuals with disabilities are indeed eligible to apply for the preferred jobs. According to Baker, this discovery occurred in April or May of 1996, and she met with Linda Palmer in the EEO office to express her desire to file a claim almost immediately thereafter. By thus contacting the EEO counselor within 45 days of her obtaining the knowledge necessary to put her on notice of her discrimination claim, Baker did comply with this requirement of the administrative grievance process in a timely fashion.

### B. Filing an Administrative Complaint

■ The true focus of the Secretary's summary-judgment motion is thus not the extent of Baker's compliance with the initial 45–day limitations period, but rather her failure to file a formal complaint within the time period prescribed by federal regulations. Under 29 C.F.R. § 1614.106(b),

an employee must file a complaint with her agency within 15 days after receiving notice from her counselor of her right to do so. In Baker's case, neither party has provided evidence of a formal notice provided by the EEO office to Baker informing of her right to file an administrative complaint. It is clear from the evidence that is before the court, however, that Baker was duly informed of her rights at least as early as May 1996. At that time, Baker met with EEO officer Palmer, and she actually filled out a formal complaint, thus demonstrating her knowledge of her right to do so. Baker did not sign that complaint, however, and indeed did not file the complaint that gave rise to this lawsuit until February 4, 1998, almost two years after the court can assume she was on notice of her rights. By waiting so long to file her administrative complaint, Baker far exceeded the 15–day limitations period, and thus forfeited her opportunity to raise her claims in this court.

 Baker seeks to circumvent the 15–day time limit on filing her complaint with the Air Force by arguing that the doctrines of equitable estoppel or equitable tolling should apply in her case, thus extending the 15–day deadline.* The administrative exhaustion deadlines are not jurisdictional prerequisites to Title VII and ADA claims and therefore are subject to equitable modification by waiver, estoppel, and tolling. *See Sturniolo*, 15 F.3d at 1025; *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1531 (11th Cir. 1992); *Stafford v. Muscogee County Bd. of Educ.*, 688 F.2d 1383, 1387 (11th Cir.1982) (applying equitable modification principles

to Title VII filing requirements). However, the Supreme Court has warned that equitable modification should not be liberally construed; rather, only under certain circumstances should the doctrine be applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990) ("Federal courts have typically extended equitable relief only sparingly."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980) ("[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.")

In *Freeman v. CSX Transportation Co.*, 730 F.Supp. 1084 (M.D.Ala.1989) (Thompson, J.), this court summarized the three circumstances recognized by the Eleventh Circuit as grounds for equitable modification of the administrative exhaustion requirements in employment discrimination cases:

> "As a general rule, 'equitable tolling' may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."

*Id.* at 1086 (internal citations omitted). Baker appears to contend that either the first or second of these circumstances applies in her case. She argues that her supervisor in the personnel office, Linis Cox, prevented her from filing an administrative complaint by threatening that she might lose her job if she did so. Specifi-

---

* Technically, the terms "estoppel" and "tolling" refer to distinct doctrines. Estoppel is appropriate when the defendant's misconduct has in some way prevented the plaintiff from complying with the deadline at issue, while tolling arguments focus exclusively on whether the plaintiff acted with reasonable prudence. *See Cocke v. Merrill Lynch & Co., Inc.*, 817 F.2d 1559, 1561 (11th Cir.1987). Courts often use these terms interchangeably, however, and the distinction between the two is not essential to the resolution of the case currently before the court.

cally, Baker has provided deposition testimony that, when she was on her way to her May 1996 meeting with Palmer in the EEO office, Cox asked her if she was sure that she wanted to file a complaint, and Cox reminded her that she was on probationary status. Baker interpreted this statement as a threat and claims to have been so intimidated by it that she chose not to go through with filing her complaint.

Although the court certainly does not condone Cox's thinly veiled attempt to discourage Baker from taking legal action against her employer, such behavior did not constitute the kind of active misleading about her rights, or the extraordinary obstacle to filing a complaint, that is required to justify equitable modification of an administrative filing deadline. Rather, this case is analogous to *Manning v. Carlin*, 786 F.2d 1108 (11th Cir.1986), in which the plaintiff sought equitable tolling of the limitations period for filing an administrative charge on the grounds that he was intimidated by his supervisor's threats of criminal prosecution. There, the Eleventh Circuit held that none of the circumstances justifying extension of the deadlines was present, and that summary judgment had therefore been rightly granted in the defendant's favor. Similarly, in the case currently before the court, Baker has not produced facts warranting equitable modification of the 15–day filing period, and because she filed her agency complaint long after this period expired, the court concludes that summary judgment should be entered against her.

## IV. CONCLUSION

For the foregoing reasons, the court will grant the motion for summary judgment filed by the Secretary. An appropriate judgment will be entered.