[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 9, 2005
THOMAS K. KAHN
CLERK

No. 05-10947
Non-Argument Calendar
_____

D. C. Docket No. 04-00702-CV-JMF-1

TOMMY E. ROBINSON,
CSI Inspector, USDA FSIS,

Plaintiff-Appellant,

versus

MIKE JOJANNS,
Secretary of Agriculture,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 9, 2005)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

In his complaint in this case, Tommy Robinson, a 60-year-old black male

employee of the Food Safety and Inspection Service ("FSIS"), a division of the United States Department of Agriculture ("Department"), alleged that the Department discriminated against him on account of his age, sex, and race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), when if refused to promote him to the position of Customer Safety Office.[1]  On the Department's Fed. R. Civ. P. 12(b)(6) motion to dismiss, the district court concluded that the complaint failed to state a claim for relief and dismissed it.  The court did so on the ground, among others, that Robinson failed to contact an EEO counselor (and complain about the alleged discrimination) within the time limit prescribed by law.  Robinson now appeals.  We affirm.

Federal sector employees, such as Robinson, who believe that they have been subject to discrimination, must initiate contact with an EEO counselor within 45 days of the effective date of the personnel action.  See 29 C.F.R. § 1614.105(a)(1).[2]  An employee who fails to do so suffers the dismissal of his

_____

[1] Although Robinson's complaint alleges age discrimination in violation of Title VII, discrimination on the basis of age is prohibited under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), not Title VII.  We therefore treat the age claim as having been brought under the ADEA.

[2]  An agency, however, "shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that . . . he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred."  Id. § 1614.105(a)(2).  This provision provides Robinson no relief in this case; that is, nothing in the complaint suggests, much less alleges, that the Department should be held to have extended the 45-day limit.

complaint.  Id. § 1614.107(a)(2); cf. Manning v. Carlin, 786 F.2d 1108, 1109 (11th Cir. 1986).

The record indicates that, on September 17, 2001, the Department informed Robinson that someone else had been chosen for the Customer Safety Office position he was seeking.  He contacted the EEO counselor on December 13, 2001, 42 days after the 45-day period for contacting a counselor had expired.  Even if we were to assume that the 45-day period did not begin to run until October 16, 2001, when Robinson filed a grievance with his union complaining of sex and age discrimination, the contact was still untimely—13 days late.

In an attempt to get around the limitations bar, Robinson makes two arguments.  First, he says that he did not learn of the unlawful discrimination until November 15, 2001.  We reject this argument because he did not present it to the district court.  Second, he says that he did not learn that the person who obtained the position, Debra Davis, is white until sometime after he filed his grievance with the union on October 16, 2001.  Thus, the 45-day period did not begin to run on that date.  We reject this argument for the same reason we reject the first one; Robinson failed to present it to the district court.

The prerequisite of timely contact with an EEO counselor is not jurisdictional, and is subject to waiver, estoppel and equitable tolling.  See 29

3

C.F.R. § 1614.604(c); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Equitable tolling applies "when the defendant misleads [plaintiff] into allowing the statutory period to lapse, when [plaintiff] has no reasonable way of discovering the wrong perpetrated against [him], or when [plaintiff] files a technically defective pleading and in all other respects acts with the proper diligence which statutes of limitations were intended to insure." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (citations omitted).

We have considered, and reject, the notion that Robinson's filing of the grievance with the union tolled the 45-day period. He suggests that the Department's request for an extension of time to respond to his grievance operated to toll the limitations period. Such request, however, did not meet the equitable tolling test set out above. Moreover, Robinson fails to state how this request prevented him from contacting an EEO counselor.

We find no basis for disturbing the district court's decision.

AFFIRMED.