[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12263
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00655-WKW-WC


TIFFANY DAVIS,

                                        Plaintiff - Appellant,

versus

AUBURN BANK,

                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 21, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff appeals the dismissal without prejudice of her Complaint against her former employer for violations of various employment statutes. The district court dismissed Plaintiff's claims on timeliness and sufficiency grounds. Plaintiff argues that equitable tolling should be applied and that leave to amend her Complaint should be granted. We affirm.

## I.    BACKGROUND

On February 24, 2014, Plaintiff Tiffany Davis ("Plaintiff") filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that her employer, Defendant AuburnBank ("Defendant"), discriminated and retaliated against her because of her race and disability. On June 12, 2015, Plaintiff had received from the EEOC a Dismissal and Notice of Rights letter ("right-to-sue letter"), allowing her to sue Defendant in court.[1] On September 12, 2015, Plaintiff filed a Complaint in the Middle District of Alabama against Defendant for claims under Title VII, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and 42 U.S.C. § 1981.

Plaintiff's Complaint alleges that she was employed by Defendant as a teller in September 2012, when she was subjected to discrimination, retaliation, a hostile

---

[1] Plaintiff attached to her Complaint a copy of her original complaint to the EEOC, the right-to-sue letter from the EEOC, and a photocopy of the envelope in which she received her right-to-sue letter, which has a handwritten notation that the letter was opened on June 12, 2015.

work environment, and unlawful termination.  Plaintiff was subject to abuse by other employees that included "outward cursing" and "rude and unwanted conversations that forced Plaintiff to be isolated in her cubicle," and bank management did nothing to prevent the treatment.

Plaintiff also points to instances of disparate treatment, namely that she was forced to work at a different location without any adjusted compensation while Caucasian employees remained at her previous work location; that she was "subjected to numerous extensive requirements, such as, but not limited to, providing a doctor's excuse when other Caucasian employees were given no such requirement"; that Caucasian employees were allowed to shoot rubber bands around, cut coupons out of books, play, read books, and sleep, but that she was reprimanded for humming, which she had done for years while at the bank; and that she was reprimanded for "discussing President Obama," while Caucasian employees were allowed to discuss politics without discipline.

Plaintiff further alleges that Defendant was complicit in creating this hostile work environment, which led to Plaintiff's constructive discharge as she "felt that it was impossible to work in the environment," and that she continues to suffer "complete disruption of her household" because of the requirements placed on her by Defendant.  Plaintiff also alleges that Defendant was aware of Plaintiff's

3

disability, and that she was terminated without cause before the expiration of her FMLA leave.

Defendant filed a motion to dismiss for failure to assert plausible claims, or in the alternative, a motion for a more definite statement of the claims. Defendant argued that Plaintiff's Title VII and ADA claims were time-barred because she did not file her complaint within 90 days of receiving her right-to-sue letter.[2] Defendant argued that Plaintiff's FMLA and § 1981 claims were vague and conclusory, and so failed to meet the minimum pleading requirement to survive dismissal under Rule 12(b)(6).

In response to the magistrate judge's order to show cause why the motion to dismiss should not be granted, Plaintiff argued that her claims are not time-barred. According to Plaintiff, her attorney had prepared the Complaint and was prepared to file it on September 10, 2015, but only then did he learn that the Middle District did not accept online filing for initial complaints. Plaintiff's attorney "had conflicts the following day that would not allow his arrival in Montgomery until after nightfall," and, due to the attorney's unfamiliarity with Montgomery, he "felt it an uncomfortable situation to be attempting to file anything during non-daylight hours." Plaintiff's attorney filed the Complaint the next day, September 12, 2015,

---

[2] A Title VII or ADA plaintiff must file a civil action within 90 days of receiving the right-to-sue letter. 42 U.S.C. §§ 12117(a), 2000e-5(f)(1). Plaintiff received her right-to-sue letter by June 12, 2015, and so needed to file her claim by September 10, 2015. Because she filed on September 12, 2015, her claim was untimely.

"when the sun was still shining."  Plaintiff further argued that because Defendant was aware of her specific disabilities ("depression, heightened anxiety, schizophrenia, etc."), it would be "redundant" to elaborate in the Complaint.  In addressing whether she had sufficiently met the burden of pleading requirements, Plaintiff cited to several Alabama Supreme Court cases discussing pleading requirements.

The magistrate judge's Report and Recommendation ("R&R") concluded that Defendant's motion to dismiss should be granted.  The R&R concluded that Plaintiff's Title VII and ADA claims were time-barred, and that Plaintiff had not demonstrated that equitable tolling was appropriate in this case.  The R&R further concluded that the FMLA and § 1981 claims should be dismissed under Rule 12(b)(6) for failure to state a claim.  Plaintiff did not file any objections to the R&R, and, so noting, the district court adopted the R&R and granted Defendant's motion to dismiss.  Plaintiff timely appealed.

## II.    DISCUSSION

### A.    Standard of Review

When a party fails to object to a magistrate judge's R&R at the district court level after receiving notice of the objection time period and the consequences for failing to object, the party "waives the right to challenge on appeal the district

5

court's order based on unobjected-to factual and legal conclusions."[3]  11th Cir. R. 3-1.  We review such waived objections only for plain error, if necessary in the interests of justice.  *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017).  Courts may correct a plain error only when an error has occurred, the error was clear or obvious ("plain"), and the error affected substantial rights, and then only if the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  *United States v. DiFalco*, 837 F.3d 1207, 1220–21 (11th Cir. 2016) (alteration in original) (internal citation omitted).  Meeting this test is difficult, placing a "daunting obstacle before the appellant" in the criminal context, *id.* at 1221 (citations omitted), and it requires an even greater showing in civil appeals.  *Evans*, 850 F.3d at 1257.

### B.    Whether Plaintiff's Title VII and ADA Claims Were Timely

There is no dispute that Plaintiff's claim was filed outside of the 90-day window after she received her right-to-sue letter.  Plaintiff argues nevertheless that equitable tolling is appropriate in her case, so her claim should be considered timely.  To qualify for equitable tolling, Plaintiff must show "(1) that [she] has

---

[3]  In the R&R, the magistrate judge ordered Plaintiff to file any objections to the R&R by April 13, 2016, and noted that failure to do so

> shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.

6

been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (quoting *Menominee Indian Tribe of Wis., v. United States*, 136 S. Ct. 750, 755 (2016)).

Plaintiff argues that she pursued her rights diligently by noting that she exhausted remedies with her superior and administrative remedies with the EEOC, hired an attorney to help with her claim, and she called her attorney several times prior to the 90-day deadline, although he never returned her calls.

She also argues that the extraordinary circumstance that stood in the way of her timely filing was her own attorney's negligence. Plaintiff specifically notes that her former counsel failed to timely file her claim, failed to seek leave to amend the complaint, and failed to file any objections to the R&R or otherwise seek redress. Plaintiff also notes that her attorney never told her that he filed her claim late or informed her about the court's actions until the case was dismissed, that he only interviewed her once over telephone upon accepting her as a client, that he never provided her with any documents in her case, and that he filed "one of the most poorly-drafted complaints ever written," despite her providing information to him about her claim in "great detail."

Even assuming Plaintiff could show that she had diligently pursued her rights, Plaintiff has not shown that her attorney's negligence amounted to an

7

"extraordinary circumstance" that prevented her from timely filing her complaint. *Villarreal*, 839 F.3d at 971.  Equitable tolling is an "extraordinary remedy which should be extended only sparingly."  *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)).  Mere attorney negligence, an attorney's miscalculation of the limitations period, or mistake do not justify equitable tolling.  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  Specifically in the Title VII context, this Court has recognized three situations in which equitable tolling may be appropriate: (1) when a state court action is pending; (2) when the defendant has concealed facts supporting a cause of action under Title VII; and (3) when the defendant misled the plaintiff about the nature of her rights under Title VII.  *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir. 1986).

None of these situations apply to the present circumstances.  Concerning why her claims were filed late, all that Plaintiff argues concerning her attorney's conduct is that he was unaware that the Middle District of Alabama did not accept electronic filing, he had other priorities, and he was afraid to file after dark.  There is no indication that these actions amount to anything more than a "garden variety claim" of negligence.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[P]rinciples of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").  We conclude therefore that the magistrate

8

judge's rejection of Plaintiff's request for equitable tolling and district judge's adoption of the magistrate judge's R&R was not plain error as to Plaintiff's Title VII and ADA claims.

## C.    Whether Plaintiff's FMLA and § 1981 Claims Were Properly Dismissed

To survive a motion to dismiss, Plaintiff's complaint must state a claim that is plausible on its face, which requires Plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While "detailed factual allegations" are not required, a complaint must offer "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The magistrate judge concluded that Plaintiff's FMLA claim should be dismissed because Plaintiff's allegations were vague and conclusory, did not assert which FMLA right Defendant had allegedly violated,[4] failed to specify a time frame for such violation, and failed to even allege that Plaintiff qualified to receive benefits under the FMLA.  Plaintiff does not challenge these conclusions regarding

---

[4] "[T]he FMLA creates two types of claims:  interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights . . . , and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001).

9

the FMLA claim and acknowledges that "[her] lawyer did not prepare a well-pleaded complaint of her allegations of violations under [the] FMLA."

Concerning her § 1981 claim, Plaintiff does argue on appeal that her Complaint alleges race-based employment discrimination, but as the magistrate judge noted, her pleadings are so vague and conclusory, it is unclear what type of § 1981 claim she is making.[5]  In any case, the facts alleged in the Complaint fail to state a claim under any § 1981 theory of liability.  Plaintiff fails to show that her termination was based on race—she repeatedly references her termination in the context of her FMLA claim only—and, concerning her transfer, that similarly-situated co-workers of a different race were treated more favorably than she, and so she cannot assert a discrimination claim.  *See Burke-Fowler v. Orange Cty.*, 447 F.3d 1319, 1323 (11th Cir. 2006).[6]  Nor can Plaintiff assert a retaliation claim, as she has not shown she engaged in protected activity or that any adverse employment action was causally connected to protected activity.  *See Bryant v. Jones*, 575 F.3d 1281, 1307–08 (11th Cir. 2009) ("[A] plaintiff alleging retaliation must first establish a prima facie case by showing that:  (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and

---

[5]  Claims for race-based discrimination, retaliation, and hostile work environments are cognizable under § 1981.

[6]  Though *Burke-Fowler* is a Title VII case, Title VII and § 1981 "have the same requirements of proof and use the same analytical framework."  *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

(3) he established a causal link between the protected activity and the adverse action.")  Finally, Plaintiff's complaint does not allege facts that would support a claim for a racially hostile work environment—her allegations are either not based on her race or are not objectively severe enough to sustain such a claim—and so could not support a claim for constructive discharge either.[7]  Thus, there was no error in finding that Plaintiff's claim did not state a claim under § 1981.

Plaintiff did not previously request to amend her complaint, but instead responded to Defendant's motion to dismiss or for a more definite statement of claims by filing a Response attempting to show cause why the Complaint should not be dismissed.  The magistrate judge explicitly declined to *sua sponte* invite Plaintiff to amend her complaint.  Plaintiff argues on appeal that her case should be remanded so she can be given the chance to amend her pleading.  Though leave to amend should be freely given when justice requires, Fed. R. Civ. P. 15(a), this Court has held that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Plaintiff cannot therefore argue that the district court abused its

---

[7]  Establishing a constructive discharge claim requires demonstrating a greater severity or pervasiveness of harassment than is required for a hostile work environment claim.  *Bryant*, 575 F.3d at 1298–99.

11

discretion in denying Plaintiff leave to amend her complaint, as she had ample time and opportunity to request such leave, but did not.  *See Long v. Satz*, 181 F.3d 1275, 1279–80 (11th Cir. 1999); *see also Bankers Ins. Co. v. Florida Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 n.3 (11th Cir. 1998) (finding no abuse of discretion when the district court did not *sua sponte* invite plaintiff to amend when plaintiff "never sought to amend its complaint during the months between the motion for judgment on the pleadings and the district court's order, or at any time after that order.").  The district court did not err therefore in dismissing Plaintiff's FMLA and § 1981 claims without granting leave to amend.

## III.   CONCLUSION

Because we find no reversible error in the district court's conclusion that equitable tolling was unavailable to Plaintiff or in its failure to suggest to Plaintiff that she should amend her Complaint, dismissal of Plaintiff's claim is **AFFIRMED**.

12